IN THE COURT OF COMMON PLEAS
CIVIL DIVISION
MIAMI COUNTY, OHIO

| | | |
|---|---|---|
| JERALD ABLES<br>2570 E Vista Ridge Drive<br>Troy, Ohio 45373<br><br>And<br><br>JOAN ABLES<br>2570 E Vista Ridge Drive<br>Troy, Ohio 45373<br><br>Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS<br>27201 Bella Vista Parkway, Suite 130<br>Warrenville, Illinois 60555<br><br>SERVE ALSO<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS<br>c/o Gina Hudson<br>175 Berkeley Street<br>Boston, Massachusetts 02116<br><br>Defendant. | : : : : : : : : : : : : : : : : : : : : : : : : : : : : | Case No. **18-177**<br><br>JUDGE: CHRISTOPHER GEE, JUDGE<br><br><u>COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH AND LOSS OF CONSORTIUM</u><br><br>JURY DEMAND ENDORSED HEREIN |

Plaintiffs, Jerald Ables ("Jerry") and Joan Ables ("Joan") (collectively, "Plaintiffs"), for their Complaint against defendant, Safeco Insurance Company ("Safeco" or "Defendant"), state as follows:

<u>PARTIES</u>

1. Plaintiff, Jerry Ables has, at all times relevant, been a resident and citizen of Concord Township, Miami County, Ohio.

2. Plaintiff, Joan Ables is the wife of Jerry Ables and has also, at all relevant times, been a resident and citizen of Concord Township, Miami County, Ohio.

3. Defendant Safeco is a corporation in the business of providing insurance in Ohio and throughout the United States.

## JURISDICTION & VENUE

4. Plaintiffs allege an amount in controversy in excess of $25,000.00 exclusive of interest and costs.

5. This Court has jurisdiction over this action because the amount in controversy exceeds $25,000.00 and because the Defendant regularly transacts business in this state.

6. Venue in this Court is proper because the accident and subsequent breach of contract that gave rise to Plaintiffs' claims occurred in Miami County, Ohio.

## BACKGROUND FACTS

7. On May 1, 2015, at 4:49 p.m., Jerry was lawfully operating and traveling on his 2008 Harley Davidson on Interstate 75 in Miami County, Ohio. At all times herein mentioned, Jerry's vehicle was operated in a reasonable and prudent manner, with due caution and regard for the motor vehicle laws of the State of Ohio.

8. At the same time and place, an unidentified driver was operating a red Ford Fiesta on Interstate 75 in Miami County, Ohio.

9. Jerry was driving in the left lane of a two-lane highway traveling south bound on Interstate 75 when the unidentified driver, apparently impatient with Jerry's speed, began to drive erratically behind him by pulling into the berm near the median to the left of traffic.

10. Near this section of Interstate 75, a third lane of traffic opens up to the left of the two existing lanes. Despite the addition of the third lane, Jerry remained in the same lane he had been traveling, which was now the middle lane of traffic.

11. In a fit of rage, the unidentified driver sped into the third, far left lane and then abruptly pulled in front of Jerry in the middle lane. Once in front of Jerry, the unidentified driver unexpectedly slammed on his/her brakes causing Jerry to crash into the car at a rate of 60-70 miles per hour. Jerry's motorcycle then careened across the left lane and into the concrete-barrier dividing the southbound from the northbound traffic.

12. The unidentified driver of the at-fault vehicle fled the scene.

13. Ohio State Highway Patrol responded to the scene and determined Jerry was not the at-fault driver.

14. Jerry was transported via ambulance to the Upper Valley Medical Center. Because of the life-threatening injuries Jerry suffered, physicians at Upper Valley Medical Center decided to transfer Jerry to a higher acuity facility.

15. That same day, Jerry was transported via MICU to Miami Valley Hospital for trauma evaluation. Jerry remained at Miami Valley Hospital until May 4, 2018, at which time he was transported back to Upper Valley Medical Center for rehabilitation until he was discharged on May 8, 2015.

16. Jerry sustained a traumatic brain injury, concussion, post-concussion syndrome, bi-lateral pelvic fractures, right shoulder tendon tears, right biceps tendon tear, right rotator cuff (AC joint) tear, bilateral knee injuries; post traumatic stress disorder, and left thumb sprain.

17. Since the motor vehicle accident, Jerry has continued to suffer excruciating migraine headaches, memory loss, dizziness, pain in his knees, pelvic pain, depression, anxiety and sleep deprivation resulting in permanent disability and limitations to his daily activities, travel and personal life and is now unable to return to work.

18. Due to the injuries Jerry suffered from the accident Joan was forced to take an extended period of time off of work to care for Jerry.

3

19. At the time of the accident Jerry and Joan Ables had a valid policy of motorcycle insurance with the Defendant. A copy of the Policy is attached as Exhibit A.

20. Plaintiffs promptly filed an uninsured/underinsured motorist claim pursuant to their policy with Defendant and began corresponding with Defendant within May 2015.

21. Plaintiffs complied with the requests of Defendants related to providing information and authorizations necessary for Defendants to value the claim.

22. Despite numerous efforts to communicate with Defendants regarding a settlement of their claim, Plaintiffs did not receive an offer from Defendant until February 2018, less than three months before the running of the statute of limitations.

23. Defendant's offer to settle the claim was well below the policy limits and did not contemplate the true measure of damages suffered by the Plaintiffs.

24. Plaintiffs have attempted to negotiate with Defendant but they have run out of time due to Defendant's unreasonable delay in communicating with Plaintiffs and extending an offer.

## COUNT ONE

### BREACH OF CONTRACT

25. Plaintiffs incorporate by reference Paragraphs 1 through 24 as if fully written herein.

26. At the time of the accident, the Plaintiffs had in force a policy of motorcycle insurance issued by Defendant. This policy contained a provision for uninsured/underinsured motorist coverage which provided, among other things, insurance coverage for losses and damages sustained in accidents which were caused by the negligent operation of a vehicle by third persons, including hit-and-run drivers, when that vehicle is uninsured or underinsured at the time of the accident and the third person is not otherwise entitled to coverage.

27. At the time of the accident, the Plaintiffs also had in force, an umbrella policy issued by Defendant ("Umbrella Policy"). A copy of the Umbrella Policy is attached as Exhibit B.

28. The Plaintiffs complied with the terms of the contracts with defendant and are entitled to be paid by the Defendant any and all damages sustained by the Plaintiffs resulting from the negligence of the at-fault driver.

29. The Defendant has breached the contracts with the Plaintiffs by failing to make the necessary payments under the underinsured motorist provision of the Plaintiff's policy and umbrella policy.

## COUNT TWO

### BAD FAITH

30. Plaintiffs incorporate by reference Paragraphs 1 through 29 as if fully written herein.

31. The Defendant has a duty to act in good faith toward Plaintiffs in carrying out its responsibilities under the policy of insurance.

32. Defendant breached that duty when it engaged in excessive delay before offering a settlement demand to Plaintiffs and in refusing to make a good-faith settlement offer on Plaintiffs' uninsured/underinsured motorist claim.

## COUNT THREE

### LOSS OF CONSORTIUM

33. Plaintiffs incorporate by reference Paragraphs 1 through 32 as if fully rewritten herein.

34. Plaintiff Joan Ables is the wife of Jerry.

35. As a direct and proximate result of the injuries suffered by Jerry, Joan has been deprived of his services, consortium, comfort, guidance, solace and affection and will continue to be so deprived in to the future.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs, Jerald Ables and Joan Ables demand judgment against defendant Safeco, for compensatory damages in an amount in excess of $25,000, plus costs and attorney fees.

Respectfully submitted,

*[signature]*

David P. Kamp (0020665)
Brian D. Goldwasser (0061926)
Sarah E. Abbott (0086099)
White, Getgey & Meyer Co., LPA
1700 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio 45202
dkamp@wgmlpa.com
bgoldwasser@wgmlpa.com
sabbott@wgmlpa.com
(513) 241-3685
Fax: (513) 241-2399

## JURY DEMAND

Plaintiff's demand trial by jury pursuant to Ohio R. Civ. P. 38 as to all issues.

*[signature]*

David P. Kamp (0020665)